# IN THE COURT OF APPEALS OF IOWA

No. 14-1117
Filed September 23, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSEPH ROBERT BARRIER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Rebecca Goodgame Ebinger, Judge.

The defendant challenges his convictions and sentences following his guilty plea. **AFFIRMED.**

Tabitha L. Turner of The Law Office of Turner & Vogel, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik and Linda J. Hines, Assistant Attorneys General, John P. Sarcone, County Attorney, and Stephanie L. Cox, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

Joseph Barrier pleaded guilty to possession of a controlled substance, methamphetamine, with intent to deliver, and possession of a firearm as a convicted felon, in violation of Iowa Code sections 124.401(1)(b)(7) and 724.6 (2013), respectively. He was sentenced to an indeterminate term of incarceration not to exceed thirty years for these offenses to run consecutive to the defendant's parole revocation.

On appeal, the defendant contends the oral waiver of his preliminary hearing not made on the record was invalid, and he requests his convictions and sentences be vacated as a result. *See* Iowa R. Crim. P. 2.2(4)(a) ("The magistrate shall inform the defendant of the right to a preliminary hearing unless the defendant is indicted by a grand jury or a trial information is filed against the defendant or unless preliminary hearing is waived in writing or on the record."). We conclude the defendant waived any objection to any defect related to his waiver of the preliminary hearing. *See State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009) ("It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea.").

Barrier also asserts the record is inadequate to address potential claims of ineffective assistance of counsel on direct appeal, and he asks that any such claims be preserved for postconviction-relief proceedings. Such a request is unnecessary. *See* Iowa Code § 814.7(2) (2013) ("A party may, but is not required to, raise an ineffective assistance claim on direct appeal from the criminal proceedings if the party has reasonable grounds to believe that the

record is adequate to address the claim on direct appeal."). Nonetheless, we preserve any such claims for postconviction-relief proceedings. *See* Iowa Code § 814.7(3) ("If an ineffective assistance of counsel claim is raised on direct appeal from the criminal proceedings, the court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822.").

We have considered the parties' arguments, whether or not set forth in full herein, and we affirm the defendant's convictions and sentences without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (e).

**AFFIRMED.**